# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 20-3099-01-CR-S-MDH |
| **DAMIEN B. SHAW**, | |
| Defendant. | |

## MOTION FOR DETENTION

The United States of America, by and through its undersigned counsel, moves this Court to order the detention of the defendant, Damien B. Shaw, and states the following in support of the motion:

1. An indictment has been filed charging Shaw with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

2. Title 18, United States Code, Section 3142(f) provides, in pertinent part, that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community" if the attorney for the Government moves for such a hearing and the case involves:

> "(E) any felony that is not otherwise a crime of violence that involves…the possession or use of a firearm…."

3. On May 14, 2020, in Bolivar, Polk County, Western District of Missouri, an officer from the Bolivar, Missouri, Police Department (BPD) responded to the Super 8 Hotel located at 1919 Wommack in reference to a suspicious person and a theft of a wallet. While responding to that theft, the officer observed two males, one of which was later identified as Shaw, who

immediately began running towards another hotel upon observing the officer. Shaw tripped and fell and was placed into custody by the officer; while placing Shaw in handcuffs, the officer observed a black semi-automatic pistol, which is the firearm described in the indictment.

4. Shaw asked to use a cellular telephone to call his girlfriend and during that call, Shaw admitted to taking the pistol from his girlfriend's vehicle.

5. Shaw has a long history of criminal offenses and was on parole when he committed the current offense. Shaw has a conviction for driving while intoxicated out of the Circuit Court of Audrain County, Missouri, and convictions from the Circuit Court of Boone County, Missouri, for driving while intoxicated, assault in the 3rd degree, property damage in the second degree, and attempted robbery in the first degree; Shaw received a ten year sentence in the Missouri Department of Corrections on December 16, 2016, for his attempted robbery in the first degree and served only a small percentage of that before being paroled.

6. Furthermore, Shaw has convictions for being a domestic violence offender in possession of a firearm out of the Circuit Court of Davidson County, Tennessee, possession of cannabis out of the Circuit Court of DeKalb County, Illinois, and domestic violence out of the 58th District Court of Michigan.

7. Finally, when Shaw was arrested on October 25, 2020, for the instant case, officers from the Springfield, Missouri, Police Department (SPD) made contact with him at the 800 block of West Mount Vernon Street in Springfield, Missouri. Shaw appeared to be high on mind altering substances, was naked, screaming "like a pterodactyl," and had numerous self-inflicted injuries. Shaw was arrested on the warrant in the instant case, taken to Mercy Hospital and medically cleared.

2

8. Regarding Shaw's likelihood to appear as required for this proceeding, Shaw has had numerous failures to appear in state court, including on August 25, 2009, in the Circuit Court of Macon County, Missouri, on June 17, 2011 and October 12, 2012, in his driving while intoxicated case from Boone County, Missouri, and April 8, 2013 and November 7, 2013, in his assault in the third degree case from Boone County, Missouri.

9. The United States submits that there is clear and convincing evidence that there are no conditions that the Court could place on Shaw's release that would reasonably assure Shaw's appearance in Court and the safety of the community. *See* 18 U.S.C. § 3142(g)(1) nature and circumstances of the offense; (2) weight of the evidence; (3)(A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concern appearance at court proceedings, and (B) whether the defendant was on probation/parole at the time of the offense; and (4) danger to the community or other persons. Because of this, the United States requests that a detention hearing be held and that Shaw be detained. *See generally*, *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Warren*, 787 F.2d 1337, 1338 (8th Cir. 1986).

WHEREFORE, based on the foregoing, the United States requests that the Court hold a detention hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of Shaw.

Respectfully submitted,

**TIMOTHY A. GARRISON**
United States Attorney

By: /s/ *Anthony M. Brown*
_____
ANTHONY M. BROWN
Special Assistant United States Attorney
Missouri Bar # 62504
901 St. Louis Street #500
Springfield, Missouri 65806
(417) 831-4406

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on Tuesday, October 27, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ *Anthony M. Brown*
_____
ANTHONY M. BROWN
Special Assistant United States Attorney